```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDRA LOCHREN, et al.,

                        Plaintiffs,              MEMORANDUM AND ORDER

        -against-                                CV 01-3925
                                                 (Wexler, J.)
COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT,

                        Defendants.
----------------------------------------------------------X
```

APPEARANCES:

   ROSEN, LEFF
   BY: DAVID M. FISH, ESQ.
   Attorneys for Plaintiffs
   105 Cathedral Avenue
   Hempstead, New York 11550

   NEW YORK CIVIL LIBERTIES UNION
   BY: REBEKAH DILLER, ESQ.
   Attorneys for Plaintiffs
   125 Broad Street, 17th Floor
   New York, New York 10004

   WOMEN'S RIGHTS PROJECT
   AMERICAN CIVIL LIBERTIES FOUNDATION
   BY: LENORA M. LAPIDUS and NAMITA LUTHRA, ESQS.
   Attorneys for Plaintiffs
   125 Broad Street, 18th Floor
   New York, New York 10004

   CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY
   BY: CHRIS TERMINI, ASSISTANT COUNTY ATTORNEY
   Attorneys for Defendants
   H. Lee Dennison Bldg.
   P.O. Box. 6100
   100 Veterans Highway
   Hauppauge, New York 11787-4311

*FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ MAR 29 2005 ★ LONG ISLAND OFFICE*

WEXLER, District Judge

Plaintiffs, six female police officers of the Suffolk County Police Department ("Department"), bring this pregnancy discrimination action for injunctive and compensatory relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law § 290 et seq., against the Department and County of Suffolk challenging the Department's April 2000 policy excluding from light-duty status any police officer who suffers an off-duty injury, condition or illness. Plaintiffs move for class certification under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and for summary judgment under FRCP 56. Defendants oppose the motion for class certification and cross-move for summary judgment.

I.

As for the class certification motion, a party seeking class certification initially must satisfy the prerequisites of FRCP 23(a), namely, that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FRCP 23(a). The party seeking class certification also must show that the action falls within one of the three subsections of FRCP 23(b). Plaintiffs rely on FRCP 23(b)(2), which authorizes a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive

3

relief or corresponding declaratory relief with respect to the class as a whole." FRCP 23(b)(2). The burden of proving these elements rests with the party seeking class certification, and failure to show any of these elements is fatal to the certification motion. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997).

Plaintiffs propose a class of "all current or future female officers employed by the Suffolk County Police Department who have or will become pregnant while the light duty exclusionary policy is in effect." Defendants challenge the numerosity requirement of FRCP 23(a)(1), and argue that a class action is not necessary because defendants have indicated that they will abide by the final judicial decision as to the policy. Plaintiffs maintain that statistical data provided by defendants shows that there have been 89 instances in which pregnant officers would have taken light duty but were precluded from doing so because of the policy. Plaintiffs also assert that a fear of reprisal by the Department makes other officers reluctant to join this action. Plaintiffs argue that the class is sufficiently numerous to make joinder impracticable, particularly given the asserted fear of reprisal.

FRCP 23(a) requires a finding that the numerosity of putative class members makes joinder of all class members "impracticable." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). "Impracticable does not mean impossible," id.; rather it means difficult, see id. at 935-36. In determining impracticability of joinder, the Court does not consider merely numbers, but all the circumstances surrounding a case, including "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Id. at 936.

Upon consideration, the motion is denied. The Court finds that plaintiffs fail to show that the proposed class is so numerous that joinder is impracticable. See, e.g., LeGrand v. New York City Transit Auth., 1999 WL 342286, at **3-5 (E.D.N.Y. May 26, 1999) (denying class certification in pregnancy discrimination action by transit authority employees based on plaintiffs' failure to meet numerosity requirement). Although plaintiffs are not required to show the exact class size or identity of class members to satisfy the numerosity requirement, Robidoux, 987 F.2d at 935, even accepting plaintiffs' assertion of 89 members as a reasonable estimate of the number of class members, see Barlow v. Marion County Hosp. Dist., 88 F.R.D. 619, 625 (M.D. Fla.1980) (in proving joinder is impracticable, "[p]laintiffs must show some evidence of or reasonably estimate the number of class members"), the relevant factors for determining impracticability of joinder weigh against such a finding. First, all of the putative class members are employees of the Department and, presumably, all reside in Suffolk County (or, at least, this district). Second, there is no indication that female officers do not have the ability or financial means or incentive to file individual actions, given the individual claims for compensatory damages and the relatively significant salaries of Suffolk County police officers -- considered to be among the highest paid law enforcement officers in the nation. Third, it is questionable whether judicial economy will result from a class action, given the likely need for subclasses of the various plaintiffs as facts surrounding even the named plaintiffs' claims differ significantly. LeGrand, 1999 WL 342286, at *5 ("[A] class action would not better serve judicial economy than would joinder. In either case, subclasses of the various plaintiffs would exist since the facts surrounding the claims of the named plaintiffs alone differ significantly. In order to subdivide in this manner, the exact nature of the individual claims will have to be analyzed and categorized. Class certification will thus produce no saving of judicial effort,

5

while joinder, on the other hand, would fortify control over the proceeding."). Moreover, given the Department's acknowledgment that it will abide by a final judicial determination as to the validity of the policy, the potential for individual lawsuits is lessened and the possibility that separate trials could lead to inconsistent injunctive relief is unlikely. Although plaintiffs assert a fear of reprisal, there is no indication that defendants cannot, or will not, afford "whistleblower" protection to police officers pursuant to the Department's rules and procedures and the County's administrative code. Because plaintiffs fail to satisfy the numerosity requirement of FRCP 23(a)(1), their motion for class certification is denied.

II.

As for the parties' motions for summary judgment, upon consideration of the voluminous submissions in support of and in opposition to the respective motions, the Court finds that there are genuine issues of material fact precluding the entry of summary judgment. See FRCP 56 (to be entitled to summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Accordingly, the motions for summary judgment are denied.

III.

For the above reasons, plaintiffs' motions for class certification and for summary judgment are denied; and defendants' motion for summary judgment is denied. The parties are

6

directed to contact Chambers to schedule a conference in this action.

    SO ORDERED.

LEONARD D. WEXLER<br>
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York<br>
      March 29, 2005