FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 08 2005 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SANDRA LOCHREN, et al.,

       Plaintiffs,

JENNIFER KENNEDY an
DELILAH BUSTAMANTE,

       Proposed Plaintiff-Intervenors,

  -against-

COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT,

       Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 01-3925
(Wexler, J.)

APPEARANCES:

  NEW YORK CIVIL LIBERTIES UNION
  BY: ANNA SCHISSEL and ELIZABETH BENJAMIN, ESQS.
  Attorneys for Plaintiffs
  125 Broad Street, 17th Floor
  New York, New York 10004

  WOMEN'S RIGHTS PROJECT
  AMERICAN CIVIL LIBERTIES FOUNDATION
  BY: LENORA M. LAPIDUS and NAMITA LUTHRA, ESQS.
  Attorneys for Plaintiffs
  125 Broad Street, 18th Floor
  New York, New York 10004

  CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY
  BY: CHRIS TERMINI, ASSISTANT COUNTY ATTORNEY
  Attorneys for Defendants
  H. Lee Dennison Bldg.
  P.O. Box 6100
  100 Veterans Highway
  Hauppauge, New York 11787-4311

WEXLER, District Judge

    Plaintiffs, six female police officers of the Suffolk County Police Department

2

("Department"), bring this pregnancy discrimination action for injunctive and compensatory relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law § 290 et seq., against the Department and County of Suffolk challenging the Department's April 2000 policy excluding from light-duty status any police officer who suffers an off-duty injury, condition or illness. Before August 2005, all discovery was completed and the action was ready for trial. In fact, the parties' motions for summary judgment and plaintiffs' motion for class certification were denied in March 2005. Before August 2005, this Court made attempts to schedule the trial. However, by letter dated August 1, 2005, the parties jointly requested that the trial be held no earlier than January 2006 and that the action be administratively closed until trial, with the right of either party to request the reopening for trial. By order dated September 1, 2005, the action was administratively closed under the conditions requested by the parties. Presently before the Court is a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure by proposed plaintiffs Jennifer Kennedy and Delilah Bustamante, Suffolk County police officers who purport to raise legal claims identical to those raised by plaintiffs. Defendants oppose the motion.

Upon consideration, the motion to intervene is denied. As noted, discovery has been closed for many months and motions for summary judgment and class certification were denied in March 2005. This action was ready for trial when it was adjourned as an accommodation to the parties, upon the understanding that it would be reopened for trial. Allowing the proposed plaintiffs to intervene would further delay the trial, as additional discovery and motion practice would arise, a circumstance not contemplated by the Court

3

when the trial was adjourned.

Accordingly, the motion to intervene is denied. Jury selection is scheduled for February 13, 2006, with trial to follow.

SO ORDERED.

/s/ _____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 8, 2005