Case 2:01-cv-03925-ARL   Document 120   Filed 02/21/06   Page 1 of 16 PageID #: 955

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANDRA LOCHREN, SARAH A. MACDERMOTT,
PATRICIA O'BRIEN, KELLY MENNELLA,
CHRISTINE BLAUVELT, and MIRIAM RIERA,

                Plaintiffs,              01 Civ. 3925 (ARL)

   - against -

COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Plaintiffs Sandra Lochren, Sarah A. MacDermott, Patricia O'Brien, Kelly Mennella, Christine Blauvelt, and Miriam Riera (collectively, "Plaintiffs"), by their counsel The New York Civil Liberties Union Foundation, The American Civil Liberties Union Foundation Women's Rights Project, and Outten & Golden LLP, respectfully request that the jury be charged with the following instructions. Plaintiffs further respectfully request the permission of the Court to amend or supplement these instructions to conform to the proof presented at trial.

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 1

**Sex and Pregnancy Discrimination Prohibited By Title VII and New York Human Rights Law**

I have given you general instructions regarding the rules that govern your consideration of the evidence in this case. Now I will instruct you as to the law you must apply to the facts in this case.

Plaintiffs, Sandra Lochren, Sarah A. MacDermott, Patricia O'Brien, Kelly Mennella, Christine Blauvelt, and Miriam Riera, have brought this lawsuit against Defendants, Suffolk County Police Department and the County of Suffolk, for discrimination because of their pregnancy status. Specifically, Plaintiffs claim that they were denied light duty positions because of their pregnancy status. Discrimination on the basis of pregnancy is considered to be discrimination because of sex or gender.

Plaintiffs' lawsuit is based upon the Pregnancy Discrimination Act, which is part of Title VII of the Civil Rights Act of 1964, often referred to as Title VII, and New York State law prohibiting discrimination based on sex and pregnancy. Title VII provides in part:

> It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex.

> The term "because of sex" … include[s], but [is] not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment purposes … as other persons not so affected but similar in their ability or inability to work.

2

Plaintiffs have also brought a claim for pregnancy discrimination in this lawsuit against Defendants, based on Section 296 of the New York State Executive Law, also known as the Human Rights Law. The relevant portions of the Human Rights Law state:

> It shall be an unlawful discriminatory practice . . . for an employer . . . , because of the . . . sex . . . of any individual, to . . . discriminate against such individual in compensation or in terms, conditions or privileges of employment.

Denial of a work position or different treatment because of an individual's pregnancy status violates Title VII and the New York Human Rights Law.

As a matter of law, the standard for proving a violation of Title VII is the same as the standard for proving a violation of the New York Human Rights Law. Therefore, my instructions as to the law will be the same for both claims.

Authority:

42 U.S.C. §§ 2000e-2(a)(1); 2000e(k).

New York Executive Law §296(1)(a).

*Mauro v. S. New England Telecom, Inc*., 208 F.3d 384, 386 (2d Cir. 2000) (denial of promotion is actionable under Title VII and New York Human Rights Law).

3

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 2**

**Overview of Claims and Defenses**

Plaintiffs allege that Defendants discriminated against them in two ways. First, Plaintiffs allege that Defendants intentionally discriminated against them by applying the light duty policy in the following distinct ways: (1) although no off-duty injured officer had a right to light duty under the terms of the new policy, Defendants nevertheless made exceptions for male officers; (2) Defendants failed to provide adequate protective gear to pregnant officers; and (3) Defendants made statements to Plaintiffs that showed bias against pregnant officers.

Second, Plaintiffs allege that Defendants discriminated against pregnant officers by adopting the light duty policy, which has a harsher effect on pregnant officers than non-pregnant officers, and is not required as a business necessity.

Defendants deny both allegations. Defendants deny that they applied the light duty policy in a discriminatory manner. Defendants allege that they applied the policy in a neutral manner to all pregnant and non-pregnant officers with off-the-job injuries, illnesses, or conditions. Defendants allege that only two officers with off-the-job injuries were permitted to work light duty for a period of two days each and that the supervisors of the two officers were sanctioned.

Defendants also deny that the light duty policy has a harsher effect on pregnant women. They additionally allege that even if the policy did have a harsher effect, the policy is justified because it is job related and is a business necessity.

Authority:

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

*Matter of Sontag v. Bronstein*, 33 N.Y.2d 197 (1973).

# PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 3

### Disparate Treatment

In order for each plaintiff to establish her claim against Defendants under a theory of disparate treatment, each plaintiff must prove by a preponderance of the evidence that she was denied light duty because of her pregnancy in circumstances that suggest intentional discrimination.

Plaintiffs are not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from indirect evidence, such as your disbelief of the facts put forward by Defendants.

Defendants claim that they applied a neutral policy in a fair and even-handed manner and any exceptions were unauthorized.

Plaintiffs claim that Defendants engaged in intentional pregnancy discrimination in applying their light duty policy in a discriminatory manner. Plaintiffs claim, for example, that some non-pregnant officers who could not work full duty due to off-duty conditions were nevertheless given light duty, while Plaintiffs were refused light duty. Plaintiffs also claim that Defendants, having excluded Plaintiffs from light duty, also effectively excluded them from full duty by failing to provide them with bulletproof vests. Plaintiffs allege that this evidence shows that Defendants intentionally discriminated against them by implementing the light duty policy in such a way as to give pregnant officers no real choice but to go home.

Plaintiffs allege that pregnancy was a motivating factor in Defendants' decisions. The term "motivating factor" means a consideration that moved Defendants toward their decision. In showing that a plaintiff's pregnancy was a motivating factor, each plaintiff is

not required to prove that her pregnancy was the sole motivation or even the primary motivation for Defendants' decision. Each plaintiff need only prove that her pregnancy played a motivating part in Defendants' decision.

Authority:

Federal Jury Practice & Instructions, (5th ed.) § 171.20.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993) (rejection of reason offered by employer permits jury to infer intentional discrimination).

*Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 147 (2000).

*Schnabel v. Abramson*, 232 F.3d 83, 89 (2d Cir. 2000).

*Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 118 (2d Cir. 2000) (plaintiff may prevail either by showing that discrimination was a motivating factor or by showing that reason offered by defendant is not credible and a pretext for discrimination).

*Renz v. Grey Adver., Inc.*, 135 F.3d 217, 223 (2d Cir. 1997) (plaintiff need not prove that sex was the only reason for adverse employment action).

*Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994) (McDonnell Douglas formulation not appropriate for jury instruction).

*Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1186 (2d Cir. 1992) (jury may rely on direct or circumstantial evidence).

*Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (hiring of someone outside of protected class is sufficient evidence to meet prima facie burden).

*Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000) (direct evidence of mental processes is seldom available).

*Phillips v. Collings*, 256 F.3d 843, 848 (8th Cir. 2001) (adverse employment action requires a "tangible change in duties or working conditions that constitute a material disadvantage" (quoting *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 972 (8th Cir. 1999)).

*Gawley v. Indiana Univ.*, 276 F.3d 301 (7th Cir. 2001) (stating that if an employee can show that the employer withheld critical safety equipment on the basis of sex or race, the employee might have a cognizable claim).

*Hollins v. Atl. Co.,* 188 F.3d 652, 661 (6th Cir. 1999) (differential application of alleged nondiscriminatory reason for termination is evidence of pretext).

*Ensley-Gaines v. Runyon*, 100 F.3d 1220 (6th Cir. 1996) ("Accordingly, when a Title VII litigant alleges discrimination on the basis of pregnancy in violation of the PDA, in order to establish a prima facie case of discrimination, she must demonstrate only that another employee who is similar situated in her or his ability or inability to work received more favorable benefits.").

*Lehmuller v. Sag Harbor*, 944 F. Supp. 1987 (E.D.N.Y. 1996) (holding that Plaintiff satisfies her prima facie case in a light duty discrimination case by demonstrating that officer with an on-the-job injury was accommodated).

*Calabro v. Westchester BMW, Inc.*, 398 F. Supp. 2d 281 (S.D.N.Y. 2005).

*Seebald v. Praxair*, No. Civ.A. 03-2172, 2004 WL 350912 (E.D. Pa. Jan. 21, 2004) (holding that failure to provide employee with the proper equipment needed to complete his professional duties safely and effectively could be an adverse employment action).

*Sumner v. Wayne Co.*, 94 F. Supp. 2d 822, 826 (E.D. Mich. 2000) ("The proper focus (of comparison in a light duty discrimination case) is whether the employees are similar in their ability or inability to work, regardless of the source of the injury or illness.").

*Schmidt v. Montgomery Kone, Inc.*, 69 F. Supp. 2d 706 (E.D. Pa. 1999) (denying defendant's motion for summary judgment where there was evidence that the plaintiff's supervisors had deliberately failed to provide him with suitable and necessary safety equipment).

*Derasmo v. City of Gainesville*, 78 Fair Empl. Prac. Cas. (BNA) 384 (N.D. Fla. Sept. 21, 1998) (denial of correctly fitting gear and equipment is an adverse employment action).

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 4**

**Disparate Impact**

In addition to a disparate treatment theory, Plaintiffs also allege that Defendants discriminated against them under a disparate impact theory. The law prohibits employment discrimination based on sex or pregnancy even if it is not intentional. An employment practice that is not intentionally discriminatory is considered discriminatory if it affects pregnant women more harshly than non-pregnant persons.

In order to recover under a disparate impact theory, Plaintiffs must prove by a preponderance of the evidence that Defendants' policy denying light duty assignments to officers with off-duty medical conditions, including pregnancy, has affected pregnant police officers more harshly than non-pregnant police officers. Plaintiffs may rely on statistics to prove that pregnant women were disproportionately impacted by this policy.

If Plaintiffs prove that pregnant women were disproportionately impacted by Defendants' policy, then Defendants must prove that the policy is necessary to the operation of their business. In other words, Defendants must justify this employment practice by proving that it is related to job performance and is consistent with business necessity.

In this case, Plaintiffs claim that Defendants' policy ending light duty assignments to officers with off-the-job-injuries or off-duty medical conditions has required pregnant officers to take leaves of absence at higher rates than non-pregnant officers. Plaintiffs have produced evidence that Defendants' light duty policy affects virtually all pregnant officers. Plaintiffs have additionally produced statistical evidence demonstrating that pregnant officers used light duty status for pregnancy at a rate five times higher than the

9

rate all officers used light duty for off-the-job injuries.  Finally, Plaintiffs produced statistical evidence showing that Defendants' policy will adversely affect increasingly large numbers of pregnant officers.

Defendants claim that that the new light duty policy was justified as a business necessity because a large number of people had not returned to work from non-job related conditions under the old practice.  Defendants claim that as a result of the policy, more officers have returned to work.

If you decide that Plaintiffs have not proved that denying light duty assignments to officers with off-duty medical conditions, including pregnancy, has affected pregnant officers more harshly than non-pregnant officers, you will find for Defendants.

If you decide that Plaintiffs have proved that this policy has affected pregnant officers more harshly than non-pregnant officers, then you must proceed to consider the reason Defendants have given for denying light duty to pregnant officers.

You must decide whether Defendants have proved that the light duty policy is both job-related and necessary to the operation of the Suffolk County Police Department.

If you find that the light duty policy is not job-related or necessary to the operation of the Suffolk County Police Department, then you will find for Plaintiffs, and you should proceed to decide the amount of damages.

If you decide that Defendants have proved that this policy is job-related and necessary to the operation of the business, then you must next decide whether Plaintiffs have proved that there is another employment practice that would not impact women as harshly while still satisfying Defendants' business needs.  If you find that Plaintiffs have proved an alternative, less discriminatory policy, then you will find for Plaintiffs and

10

proceed to decide the amount of damages. If you find that Plaintiffs have not proved that an alternative less discriminatory policy exists, then you will find for Defendants.

Authority:

NY PJI 9:3.

*Griggs v. Duke Power Co.,* 401 U.S. 424 (1971).

*Smith v. Xerox Corp.*, 196 F.3d 358 (2d Cir. 1999).

*Domino v. New York City Transit Auth.*, 64 F. Supp. 2d 136 (E.D.N.Y. 1999).

*Matter of Sontag v. Bronstein*, 33 N.Y.2d 197 (1973).

*People v. New York City Transit Auth.*, 59 N.Y.2d 343 (1983).

# PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 5

**Damages General**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Plaintiffs. It is for you to decide on the evidence presented and the rules of law I have given you whether Plaintiffs are entitled to recover from the Defendants. If you decide that they are not entitled to recover from Suffolk County and Suffolk County Police Department, you need not consider damages. Only if you decide that they are entitled to recover will you consider the measure of damages.

Authority:

NY PJI 2:277.

Modern Federal Jury Instructions, Instruction No. 77-1.

*In re Estate of Rothko*, 43 N.Y.2d 305 (1977).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 6

**Back Pay**

If you determine that Defendants County of Suffolk or Suffolk County Police Department discriminated against any of the plaintiffs in failing to provide light duty work during their pregnancy, then you must determine the amount of damages that Defendants' actions have caused each of the plaintiffs.

You may award as actual damages an amount that reasonably compensates each plaintiff for her lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that she would have received had she not been discriminated against. First, you must determine the value of sick leave, vacation pay, personal time, and compensatory time that each plaintiff would not have used to take pregnancy leave had she been allowed to work light duty instead. Second, you must determine the additional value of holiday pay, night differentials, pension credits, and advancement opportunities that each plaintiff would have earned during the period she would have worked light duty during her pregnancy instead of going out on leave.

Authority:

Federal Jury Practice and Instructions (5th ed.), § 171.91.

*Shannon v. Fireman's Fund Ins. Co.*, 136 F. Supp. 2d 225 (S.D.N.Y. 2001).

*Cruz v. Local Union No. 3*, 34 F.3d 1148 (2d Cir. 1994).

N.Y. Executive Law § 297(9).

## **PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 7**

### Compensatory Damages

If you find that Defendants County of Suffolk or Suffolk County Police Department intentionally discriminated against any of the plaintiffs based on her gender or pregnancy, then you must determine an amount that is fair compensation for that plaintiff's damages.

You may award compensatory damages only for the injuries that each plaintiff proves were caused by Defendants' allegedly wrongful conduct. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that she has suffered.

You may award compensatory damages for any pain and suffering, mental anguish, humiliation, loss of self-respect, damage to reputation or career, loss of pleasure in one's family or career, or loss of dignity that each plaintiff experienced as a result of Defendants' action. Defendants' intentional discrimination itself may constitute an injury for which each plaintiff should be compensated. In determining the amount, if any, to be awarded to each plaintiff for compensatory damages, you may take into consideration the effect that Defendants' treatment of her had on her enjoyment of life relative to her enjoyment of life had Defendants not discriminated against her.

No evidence of the monetary value of such intangible things as mental anguish or loss of pleasure or dignity has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

14

You may also award damages for any out-of-pocket expenses that each plaintiff incurred as a consequence of Defendants' actions.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

<u>Authority</u>:

<u>Federal Jury Practice and Instructions</u> (5th ed.), § 171.90.

*Mardell v. Haleysville Life Ins. Co.*, 31 F.3d 1221 (3d Cir. 1994), *vacated,* 514 U.S. 1034, *reinstated*, 65 F.3d 1074 (3d Cir. 1996).

*Wade v. Orange County Sheriff's Office*, 844 F.2d 951 (2d Cir. 1988).

*Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104 (8th Cir. 1994).

*Walia v. Vivek Purmasir & Assoc., Inc.*, 160 F. Supp. 2d 380 (E.D.N.Y. 2000).

N.Y. Executive Law § 297(9).

Dated:   New York, New York
         February 21, 2006

                                         Respectfully submitted,
                                         *Attorneys for Plaintiff*

                                 By:     /s/ Carmelyn P. Malalis
                                         Carmelyn P. Malalis (CM 3350)

                                         Cassandra Stubbs (CS 3152)
                                         *Co-counsel for Plaintiffs*
                                         New York Civil Liberties Union Foundation
                                         125 Broad Street, 17th Floor
                                         New York, NY  10004
                                         Telephone (212) 344-3005

                                         Namita Luthra (NL 3883)
                                         *Co-counsel for Plaintiffs*
                                         American Civil Liberties Union Foundation
                                         Women's Rights Project

15

                        125 Broad Street, 18th Floor
                        New York, New York 10004
                        Telephone (212) 549-2645

                        Carmelyn P. Malalis (CM 3350)
                        Linda A. Neilan (LN 4095)
                        *Co-counsel for Plaintiffs*
                        Outten & Golden LLP
                        3 Park Avenue, 29th Floor
                        New York, New York 10016
                        Telephone:  (212) 245-1000