**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANDRA LOCHREN, SARAH A. MACDERMOTT, PATRICIA O'BRIEN, KELLY MENNELLA, CHRISTINE BLAUVELT, and MIRIAM RIERA,<br><br>   Plaintiffs,<br><br>   -against-<br><br>COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT,<br><br>   Defendants. | No. CV-01-3925 (ARL)<br><br>PLAINTIFFS' OBJECTIONS TO JURY INSTRUCTIONS |

   Plaintiffs Sandra Lochren, Sarah MacDermott, Patricia O'Brien, Kelly Mennella, Christine Blauvelt, and Miriam Riera, through their attorneys, hereby file objections to the jury instructions. The attached memorandum of law and pages of suggested revisions are submitted in support of this motion.

Dated: June 11, 2006                    Respectfully submitted,

                                          s/ Linda Neilan

                              By:  Cassandra Stubbs (CS-3152)
                                   New York Civil Liberties Union
                                   125 Broad Street, 17th Floor
                                   New York, NY 10004
                                   (212) 344-3005

                                   Namita Luthra (NL-3883)
                                   Women's Rights Project
                                   AMERICAN CIVIL LIBERTIES UNION
                                   FOUNDATION
                                   125 Broad Street, 18th Floor
                                   New York, NY 10004
                                   (212) 549-2645

                                   Carmelyn Malalis (CM-3350)

Linda Neilan (LN-4095)
Outten & Golden, LLP
3 Park Avenue, 29th Fl.
New York, NY 10016
Tel. (212) 245-1000
*Attorneys for Plaintiffs*

**MEMORANDUM OF LAW**

I. **The Jury Instructions Should Consistently Reference Both Defendants' Adoption and Application of the Light Duty Policy To Accurately Reflect Plaintiffs' Two Theories of Disparate Treatment.**

Plaintiffs' disparate treatment claim is premised on the following two different theories of liability: (i) Defendants discriminated against Plaintiffs by adopting the light duty policy; and (ii) Defendants discriminated against Plaintiffs by applying the light duty policy in a discriminatory manner. However, sections of the Jury Instructions refer only to adoption *or* application of the light duty policy. Therefore, in order to accurately incorporate both of Plaintiffs' theories of liability, Plaintiffs respectfully request that the Court include reference to both the adoption and application of the light duty policy on the following pages of the Jury Instructions where only one of the theories is mentioned:

- Page 16 ("FIRST, THE PLAINTIFFS CONTEND THAT THE DEFENDANTS INTENTIONALLY DISCRIMINATED AGAINST THEM BY APPLYING THE LIGHT DUTY POLICY IN A DISCRIMINATORY MANNER.")

- Page 18 ("THE PLAINTIFFS CLAIM THAT THE DEFENDANTS ENGAGED IN INTENTIONAL PREGNANCY DISCRIMINATION BY APPLYING THE LIGHT DUTY POLICY IN A DISCRIMINATORY MANNER.")

- Page 19 ("THE DEFENDANTS CONTEND THAT THE LIGHT DUTY POLICY WAS APPLIED EVENLY TO ALL SIMILARLY SITUATED OFFICERS AND THAT IT WAS NOT APPLIED DIFFERENTLY TO THE PLAINTIFFS DUE TO THEIR PREGNANCY STATUS.")

- Page 23 ("THE PLAINTIFFS HAVE THE BURDEN OF PROVING THAT THE DEFENDANTS' BUSINESS REASONS WERE NOT THE TRUE REASONS OR THE ONLY REASONS FOR ADOPTING THE LIGHT DUTY POLICY.")

- Page 23 ("IF YOU FIND THAT THE LIGHT DUTY POLICY WOULD HAVE BEEN ADOPTED FOR REASONS APART FROM THE PLAINTIFFS' PREGNANCY STATUS, THEN YOUR VERDICT SHOULD BE FOR THE DEFENDANTS.")

- Page 24 ("IN ADDITION TO THE PLAINTIFFS' CLAIM THAT THE DEFENDANTS' ADOPTION OF THE LIGHT DUTY POLICY WAS MOTIVATED BY THEIR PREGNANCY STATUS, THE PLAINTIFFS ALSO ALLEGE THAT THE DEFENDANTS' LIGHT DUTY POLICY HAD A DISPROPORTIONATE EFFECT OR A DISPARATE IMPACT ON PREGNANT WOMEN.")

II.     **The Language "Their Status Is Comparable in All Material Respects" on Page 20 of the Jury Instructions Should Be Replaced by "They Are Similar in Their Ability or Inability to Work," To Conform to What Is Required Under the Pregnancy Discrimination Act.**

The first full paragraph on page 20 of the Jury Instructions reads that: "FOR PURPOSES OF DECIDING WHETHER THE PLAINTIFFS WERE TREATED DIFFERENTLY THAN OTHER SIMILARLY SITUATED EMPLOYEES I INSTRUCT YOU THAT EMPLOYEES ARE SIMILARLY SITUATED IF *THEIR STATUS IS COMPARABLE IN ALL MATERIAL RESPECTS*." (Jury Instructions at 20 (emphasis added).)  The italicized language of this instruction states the showing that is generally required of a plaintiff in a Title VII case where the plaintiff is attempting to identify comparators.  However, plaintiffs bringing cases under the Pregnancy Discrimination Act, such as here, need only identify employees who are "similar in their ability or inability to work" to identify such comparators.  42 U.S.C. § 2000e(k); Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998); Ensley-Gaines v. Runyon, 100 F.3d 1220, 1226 (6th Cir. 1996).

Therefore, Plaintiffs respectfully request that "THEIR STATUS IS COMPARABLE IN ALL MATERIAL RESPECTS" on page 20 be replaced by "THEY ARE SIMILAR IN THEIR ABILITY OR INABILITY TO WORK."

### III. The Phrase "Non-discriminatory Reason" Should Replace "Business Reason" in the Jury Instruction Regarding Plaintiffs' Discrimination Claim Against the Defendants Based on Disparate Treatment.

On pages 22 and 23 of the Jury Instructions, the phrase "business reason" is used to describe what Defendants must show to defend against Plaintiffs' claim once Plaintiffs have proven their prima facie disparate treatment case. The applicable sections read:

- "THE DEFENDANTS CONTEND THAT THE LIGHT DUTY POLICY WOULD HAVE BEEN ADOPTED AND APPLIED FOR OTHER *BUSINESS REASONS* EVEN IN THE ABSENCE OF CONSIDERATION OF THE PLAINTIFFS' PREGNANCY STATUS" (Jury Instructions at 22 (emphasis added));

- "THE LAW IS NOT INTENDED TO INTERFERE WITH THE RIGHT OF THE POLICE DEPARTMENT TO ASSIGN A POLICE OFFICER TO A LIGHT DUTY JOB JOR A *GOOD BUSINESS REASON* SO LONG AS THERE IS NO UNLAWFUL DISCRIMINATORY PURPOSE IN THAT DECISION" (Id. at 22-23 (emphasis added)); and

- "THE PLAINTIFFS HAVE THE BURDEN OF PROVING THAT THE DEFENDANTS' *BUSINESS REASONS* WERE NOT THE TRUE REASONS OR THE ONLY REASONS FOR ADOPTING THE LIGHT DUTY POLICY." (Id. at 23 (emphasis added)).

Plaintiffs respectfully request that this Court replace the italicized phrases above with the phrase "non-discriminatory reason" to conform to language that the Supreme Court has consistently used to describe Defendants' burden in a disparate treatment case.[1] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 146, 148 (2000) (noting that after Plaintiff proved his prima facie case, "[t]he burden therefore shifted to [defendant] to 'produce[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." (quoting Texas Dep't of Community Affairs v.

---

[1] Plaintiffs are also requesting substitution of the phrase "business reason" in order to avoid possible confusion with the term "business necessity," which is being used in the jury charge regarding Plaintiffs' disparate impact claim.

3

Burdine, 450 U.S. 248, 254 (1981))); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (using same language).

For these same reasons – conformity with Supreme Court language and avoidance of possible confusion – Plaintiffs respectfully request that the phrase "non-discriminatory reason" replace "LIGHT DUTY POLICY OR BECAUSE YOU BELIEVE IT TO BE HARSH OR UNREASONABLE" (Jury Instructions at 22), and replace "business reasons" in paragraphs 2, 4, 6, 8, 10, and 12 of the Verdict Sheet.

**IV.    Plaintiffs Do Not Have To Prove Their Disparate Treatment Claim Under Both Pretext and Mixed Motive Analyses; Plaintiffs May Prove Defendants' Liability Under Either Analysis.**

The Jury Instructions include charges on both a mixed motive theory of disparate treatment (see id. at 20 (". . . THE PLAINTIFFS MUST EACH PROVE THAT HER PREGNANCY STATUS WAS A MOTIVATING FACTOR IN THE DEFENDANTS' DECISION TO DENY HER LIGHT DUTY.")), and a pretext theory (see id. at 23 (". . . THE PLAINTIFFS MUST SHOW THAT THE REASONS ADVANCED BY THE DEFENDANTS FOR THEIR ACTIONS, WERE A 'PRETEXT' OR 'COVER-UP' FOR WHAT WAS IN TRUTH A DISCRIMINATORY PURPOSE . . . .")).

Although both theories are mentioned in the instructions, Plaintiffs are required to prove liability under only one of the theories. See Price Waterhouse v. Hopkins, 490 U.S. 228, 244 n.12 (1989) (cases do not have to be labeled "as either a 'pretext' case or a 'mixed-motives' case from the beginning" because "plaintiffs often will allege, in the alternative, that their cases are both"); Kelber v. Forest Elec. Corp., 799 F. Supp. 326, 332 (S.D.N.Y. 1992) ("disparate treatment cases can also be divided into two categories – 'pretext' cases or 'mixed motive' cases"). Therefore, Plaintiffs respectfully request that

4

the last paragraph on page 23 of the Jury Instructions be amended as follows with changes indicated in italics:

> IF YOU FIND THAT THE LIGHT DUTY POLICY *WAS* ADOPTED *AND APPLIED* FOR REASONS APART FROM THE PLAINTIFFS' PREGNANCY STATUS *AND THAT PREGNANCY WAS NOT A MOTIVATING FACTOR*, THEN YOUR VERDICT SHOULD BE FOR THE DEFENDANTS. IF THE PLAINTIFFS PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE REASONS ADVANCED BY THE DEFENDANTS WERE NOT THE TRUE REASONS *OR* THE PLAINTIFFS PROVE THAT THE DEFENDANTS' INTENTION TO DISCRIMINATE AGAINST THE PLAINTIFFS BECAUSE OF THEIR PREGNANCY STATUS WAS A MOTIVATING FACTOR IN THEIR EMPLOYMENT DECISION, THEN YOU MUST FIND FOR THE PLAINTIFFS.

**V.    The Business Necessity Standard Under Disparate Impact Should be Provided and Clarified.**

The language proposed in the Jury Instructions regarding business necessity currently reads:

> IN OTHER WORDS THE DEFENDANTS MUST ESTABLISH THAT THE CHALLENGED POLICY SERVES A LEGITIMATE NONDISCRIMINATORY BUSINESS OBJECTIVE. IN CONSIDERING THE DEFENDANTS' REASONS FOR ITS DECISION YOU ARE NOT TO SECOND GUESS THE DECISION OR TO OTHERWISE SUBSTITUTE YOUR JUDGMENT FOR THAT OF THE DEFENDANTS. (pp. 26-27)

This language is improper for two reasons: first, it does not set forth the standard for business necessity, and second, it substantially weakens that standard. The business necessity standard adopted by the United States Court of Appeals for the Second Circuit requires an employer to show more than that its policy is consistent with mere expediency, or is convenient or beneficial to its business. Instead, the employer must show that the asserted business necessity is vital to the business. Conroy v. N.Y. Dep't of Corr. Servs., 333 F.3d 88, 97 (2d Cir. 2003); see also E.E.O.C. v. Beauty Enterprises,

5

Inc., No. 3:01CV378 (AHN), 2005 WL 2764822, at *3 (D. Conn. Oct. 25, 2005). The employer need not show that the policy in question is the only way of achieving a business necessity, but the policy must be a reasonably effective method of achieving the employer's goal. Conroy, 333 F.3d at 98. In adopting the standard it did, the Second Circuit endorsed the views of the Court of Appeals for the Ninth Circuit, which held that "[t]he business necessity standard is quite high, and is not [to be] confused with mere expediency." Cripe v. City of San Jose, 261 F.3d 877, 890 (9th Cir. 2001) (internal quotation marks omitted).

**VI.  Because Intentional Discrimination is Not Required Under a Disparate Impact Theory, Language that Connotes Intent Should be Omitted.**

The term "refused" used on page 27 of the proposed Jury Instructions improperly imputes intent into the disparate impact claim here, and thus should be replaced by the words, "did not." So, the sentence should read: "THE PLAINTIFFS CONTEND THAT THE DEFENDANTS HAD ALTERNATIVE WAYS TO ACHIEVE THEIR GOAL WITH LESSER DISCRIMINATORY EFFECT AND WHICH THE DEFENDANTS DID NOT ADOPT." Subjective discrimination is not at issue under disparate impact analyses. See Raytheon Co. v. Hernandez, 540 U.S. 44, 44-45, 52-53 (2003); Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 645-646 (1989); Teamsters v. United States, 431 U.S. 324, 335-336, n.15 (1977); Griggs v Duke Power Co., 401 U.S. 424 (1971); N.A.A.C.P. v. Town of East Haven, 70 F.3d 219, 225 (2d Cir. 1995).

### VII. Plaintiffs' Less Discriminatory Alternative Need Only "Satisfy" Defendants' Asserted Business Necessity.

On page 28 of the proposed Jury Instructions, Plaintiffs object to the requirement that the less discriminatory alternative be "as effective in serving" Defendants' stated business necessity. The term used in the Second Circuit is instead "satisfied." Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 161 (2d Cir. 2001) (At the "third stage, the burden of persuasion shifts back to the plaintiffs to establish the availability of an alternative policy or practice that would also satisfy the asserted business necessity, but would do so without producing the disparate effect.") (citing 42 U.S.C. § 2000e-2(k)(1)(A)(ii), (C)); see also E.E.O.C. v. Sephora, 419 F.Supp.2d 408, 413-14 (S.D.N.Y. 2005); E.E.O.C. v. Beauty Enterprises, Inc., 2005 WL 2764822, at *3. Thus, the term "satisfy" should be substituted here, so that the three affected sentences would read:

- "IN EVALUATING WHETHER THERE WAS A SUITABLE ALTERNATIVE, YOU MUST DETERMINE WHETHER THE SUITABLE ALTERNATIVES WITH LESSER DISCRIMINATORY EFFECTS WOULD HAVE SATISFIED THE DEFENDANTS' IDENTIFIED BUSINESS NECESSITY."

- "IF YOU DETERMINE THAT THE PLAINTIFFS HAVE PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE DEFENDANTS HAD A SUITABLE ALTERNATIVE THAT WOULD HAVE SATISFIED THE DEFENDANTS' IDENTIFIED BUSINESS NECESSITY AND WOULD HAVE RESULTED IN A LESSER ADVERSE IMPACT, THEN YOU MUST DECIDE IN FAVOR OF THE PLAINTIFFS AND PROCEED TO DECIDE THE AMOUNT OF DAMAGES."

- "IF YOU FIND THAT THE ALTERNATIVE POLICIES WOULD NOT HAVE SATISFIED THE DEFENDANTS' IDENTIFIED BUSINESS NECESSITY THEN YOU MUST FIND IN FAVOR OF THE DEFENDANTS DESPITE THE AVAILABILITY OF ALTERNATIVE POLICIES."

**VIII.     Plaintiffs Object to Question 14 in the Proposed Verdict Sheet.**

Plaintiffs seek to revise Question 13 of the proposed Verdict Sheet by changing the word "had" to "caused" and the words "adverse impact" to "harsher effect," so that the question would then read: "Did the plaintiffs prove that the defendants' practice of denying a light duty assignment to officers requesting light duty for off-duty injuries or conditions caused a harsher effect on pregnant police officers?" Because the causation requirement is inserted directly into Question 13, the next question, Question 14, becomes redundant and should be omitted. This insertion of causation into the first question under disparate impact tracks the model federal jury instructions, which read "Plaintiff claims that defendant has caused an adverse impact on person's of plaintiff's [sex]." 3C Fed Jury Prac. & Instr. § 171.24 (5th ed.). Plaintiffs object to the separating out into two questions the essential elements of Plaintiffs' case. It is both misleading and confusing to the jury.

## Conclusion

For all of these reasons, Plaintiffs respectfully request that the Court amend the jury instructions to reflect the changes noted herein.

Dated: June 11, 2006                                Respectfully submitted,

                                                                                           s/ Linda Neilan
                                          By:   Cassandra Stubbs (CS-3152)
                                                   New York Civil Liberties Union
                                                   125 Broad Street, 17th Floor
                                                   New York, NY 10004
                                                   (212) 344-3005

Namita Luthra (NL-3883)
Women's Rights Project
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2645

Carmelyn Malalis (CM-3350)
Linda Neilan (LN-4095)
Outten & Golden, LLP
3 Park Avenue, 29th Fl.
New York, NY 10016
Tel. (212) 245-1000
*Attorneys for Plaintiffs*