THE PLAINTIFFS ALLEGE THAT THE DEFENDANTS DISCRIMINATED AGAINST THEM IN TWO WAYS.  FIRST, THE PLAINTIFFS CONTEND THAT THE DEFENDANTS INTENTIONALLY DISCRIMINATED AGAINST THEM BY ADOPTING AND APPLYING THE LIGHT DUTY POLICY IN A DISCRIMINATORY MANNER.  THIS WILL BE REFERRED TO AS THE PLAINTIFFS' DISPARATE TREATMENT CLAIM.  THE WORD DISPARATE MEANS DIFFERENT OR DISSIMILAR.  SECOND, THE PLAINTIFFS CONTEND THAT THE DEFENDANTS DISCRIMINATED AGAINST THEM BECAUSE

16

CLAIMS.

## THE PLAINTIFFS' DISCRIMINATION CLAIM AGAINST
## THE DEFENDANTS BASED ON DISPARATE TREATMENT

TO PREVAIL ON A DISPARATE TREATMENT CLAIM EACH PLAINTIFF MUST PROVE THAT SHE WAS DENIED A LIGHT DUTY ASSIGNMENT BECAUSE OF INTENTIONAL GENDER OR PREGNANCY DISCRIMINATION. IN OTHER WORDS THE PLAINTIFFS MUST EACH SHOW THAT SHE WAS DENIED LIGHT DUTY STATUS UNDER CIRCUMSTANCES THAT SUGGEST INTENTIONAL DISCRIMINATION BECAUSE OF HER PREGNANT CONDITION. IF A PLAINTIFF FAILS TO PROVE THIS ELEMENT OF HER CLAIM BY A PREPONDERANCE OF THE EVIDENCE THEN YOU MUST RETURN A VERDICT FOR THE DEFENDANTS.

THE PLAINTIFFS CLAIM THAT THE DEFENDANTS ENGAGED IN INTENTIONAL PREGNANCY DISCRIMINATION BY <u>ADOPTING AND</u> APPLYING THE LIGHT DUTY POLICY IN A DISCRIMINATORY MANNER. THE PLAINTIFFS CLAIM THAT THE DEFENDANTS MADE EXCEPTIONS UNDER THE LIGHT DUTY POLICY FOR OTHER SIMILARLY SITUATED OFFICERS WHO WERE NOT PREGNANT WHICH REFLECTED

18

BIAS AGAINST THE PLAINTIFFS.  THEY ALSO CLAIM THAT THE DEFENDANTS FAILED TO PROVIDE PLAINTIFFS WITH PROTECTIVE GEAR WHICH PREVENTED THE PLAINTIFFS FROM WORKING FULL DUTY.  THE DEFENDANTS DENY THAT THEY INTENTIONALLY DISCRIMINATED AGAINST THE PLAINTIFFS.  THE DEFENDANTS CONTEND THAT THE LIGHT DUTY POLICY WAS ADOPTED AND APPLIED EVENLY TO ALL SIMILARLY SITUATED OFFICERS AND THAT IT WAS NOT APPLIED DIFFERENTLY TO THE PLAINTIFFS DUE TO THEIR PREGNANCY STATUS.  THEY ALSO CONTEND THAT THE PLAINTIFFS WERE SUPPLIED THE PROTECTIVE GEAR WHICH WAS AVAILABLE IN THE INDUSTRY.

I INSTRUCT YOU THAT THE MERE FACT THAT THE PLAINTIFFS WERE PREGNANT AND WERE DENIED LIGHT DUTY STATUS IS NOT SUFFICIENT, IN AND OF ITSELF, TO ESTABLISH THE PLAINTIFFS' CLAIMS UNDER THE LAW.  THE LAW REQUIRES PREGNANT WOMEN TO BE TREATED THE SAME AS OTHER SIMILARLY SITUATED OFFICERS.  THE LAW DOES NOT REQUIRE AN EMPLOYER TO SHOW PREFERENTIAL TREATMENT TOWARDS PREGNANT WOMEN.  IN OTHER WORDS

19

THE DEFENDANTS WERE NOT REQUIRED TO MAKE LIGHT DUTY WORK AVAILABLE FOR PREGNANT POLICE OFFICERS, PROVIDED THAT PREGNANT OFFICERS WERE NOT BEING TREATED DIFFERENTLY THAN OTHER SIMILARLY SITUATED OFFICERS.

FOR PURPOSES OF DECIDING WHETHER THE PLAINTIFFS WERE TREATED DIFFERENTLY THAN OTHER SIMILARLY SITUATED EMPLOYEES I INSTRUCT YOU THAT EMPLOYEES ARE SIMILARLY SITUATED IF THEY ARE SIMILAR IN THEIR ABILITY OR INABILITY TO WORK.  WHILE THE PLAINTIFFS STATUS NEED NOT BE IDENTICAL TO THE COMPARATOR GROUP, THERE MUST BE A REASONABLY CLOSE RESEMBLANCE OF THE FACTS AND CIRCUMSTANCES OF THE PLAINTIFFS' STATUS TO THAT OF THE OFFICERS THEY SEEK TO COMPARE THEMSELVES TO.

[Deleted: THEIR STATUS IS COMPARABLE IN ALL MATERIAL RESPECTS]

TO PROVE A CLAIM BASED ON DISPARATE TREATMENT, THE PLAINTIFFS MUST EACH PROVE THAT HER PREGNANCY STATUS WAS A MOTIVATING FACTOR IN THE DEFENDANTS' DECISION TO DENY HER LIGHT DUTY.  IN SHOWING THAT THE PLAINTIFFS' PREGNANCY STATUS WAS A MOTIVATING FACTOR, THE PLAINTIFFS ARE NOT, HOWEVER, REQUIRED TO PROVE THAT THEIR PREGNANCY STATUS WAS THE SOLE MOTIVATION OR EVEN THE PRIMARY MOTIVATION FOR THE

DEFENDANTS' DECISION TO DENY THEM LIGHT DUTY.  PLAINTIFFS NEED ONLY PROVE THAT THEIR PREGNANCY STATUS PLAYED A MOTIVATING PART IN THE DEFENDANTS' DECISION EVEN THOUGH OTHER FACTORS MAY HAVE ALSO MOTIVATED THE DEFENDANTS.

IN DETERMINING WHETHER THE DEFENDANTS' CONDUCT WAS MOTIVATED BY THE PLAINTIFFS' PREGNANCY STATUS, YOU SHOULD CONSIDER ALL THE EVIDENCE IN THE CASE, DIRECT AND CIRCUMSTANTIAL.  PROOF OF A DISCRIMINATORY MOTIVE CAN BE SHOWN BY DIRECT EVIDENCE OF THE DEFENDANTS DISCRIMINATORY INTENT, SUCH AS THE REMARKS OF A DECISION MAKER RELATED TO THE DECISION PROCESS.  PROOF OF A DISCRIMINATORY MOTIVE CAN BE ALSO BE SHOWN BY CIRCUMSTANTIAL EVIDENCE OR INFERENTIAL PROOF, SUCH AS AMBIGUOUS STATEMENTS, SUSPICIOUS TIMING OR SUSPICIOUS BEHAVIOR.

IF YOU FIND THAT THE PLAINTIFFS HAVE NOT PROVEN THAT THE DEFENDANTS' DECISION TO DENY THEM LIGHT DUTY ASSIGNMENTS OCCURRED UNDER CIRCUMSTANCES GIVING RISE TO AN INFERENCE OF PREGNANCY

21

DISCRIMINATION YOU MUST DECIDE FOR THE DEFENDANTS. IF YOU FIND THAT THE PLAINTIFFS HAVE PROVEN THAT THE FAILURE TO ASSIGN THE PLAINTIFFS TO LIGHT DUTY OCCURRED IN CIRCUMSTANCES GIVING RISE TO AN INFERENCE OF PREGNANCY DISCRIMINATION, YOU MUST THEN CONSIDER TO THE REASONS THAT THE DEFENDANTS HAVE GIVEN FOR THEIR DECISION.

THE DEFENDANTS CONTEND THAT THE LIGHT DUTY POLICY WAS ADOPTED AND APPLIED FOR A NON-DISCRIMINATORY REASON EVEN IN THE ABSENCE OF CONSIDERATION OF THE PLAINTIFFS' PREGNANCY STATUS. I INSTRUCT YOU THAT YOU MAY NOT DECIDE IN FAVOR OF THE PLAINTIFFS JUST BECAUSE YOU MIGHT DISAGREE WITH THE DEFENDANTS' NON-DISCRIMINATORY REASON. THE LAW IS NOT INTENDED TO INTERFERE WITH THE RIGHT OF THE POLICE DEPARTMENT TO ASSIGN A POLICE OFFICER TO A LIGHT DUTY JOB FOR A NON-DISCRIMINATORY REASON SO LONG AS THERE IS NO UNLAWFUL DISCRIMINATORY PURPOSE IN THAT DECISION.

THE PLAINTIFFS HAVE THE BURDEN OF PROVING THAT THE DEFENDANTS' NON-DISCRIMINATORY REASONS WERE NOT THE TRUE REASONS OR THE ONLY

22

Deleted: WOULD HAVE BEEN
Deleted: OTHER BUSINESS
Deleted: S
Deleted: LIGHT DUTY POLICY OR BECAUSE YOU BELIEVE IT TO BE HARSH OR UNREASONABLE
Deleted: GOOD BUSINESS
Deleted: BUSINESS

REASONS FOR ADOPTING OR APPLYING THE LIGHT DUTY POLICY. IN OTHER WORDS, THE PLAINTIFFS MUST SHOW THAT THE REASONS ADVANCED BY THE DEFENDANTS FOR THEIR ACTIONS, WERE A "PRETEXT" OR "COVER-UP" FOR WHAT WAS IN TRUTH A DISCRIMINATORY PURPOSE, NAMELY, TO DISCRIMINATE AGAINST THE PLAINTIFFS BECAUSE OF THEIR PREGNANCY STATUS.

IF YOU FIND THAT THE LIGHT DUTY POLICY WAS ADOPTED AND APPLIED FOR REASONS APART FROM THE PLAINTIFFS' PREGNANCY STATUS, AND THAT PREGNANCY WAS NOT A MOTIVATING FACTOR, THEN YOUR VERDICT SHOULD BE FOR THE DEFENDANTS. IF THE PLAINTIFFS PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE REASONS ADVANCED BY THE DEFENDANTS WERE NOT THE TRUE REASONS, OR THE PLAINTIFFS PROVE THAT THE DEFENDANTS' INTENTION TO DISCRIMINATE AGAINST THE PLAINTIFFS BECAUSE OF THEIR PREGNANCY STATUS WAS A MOTIVATING FACTOR IN THEIR EMPLOYMENT DECISION, THEN YOU MUST FIND FOR THE PLAINTIFFS.

23

IF YOU FIND FOR THE PLAINTIFFS AND AGAINST THE DEFENDANTS, YOU MUST THEN DECIDE THE ISSUE FO THE PLAINTIFFS' DAMAGES WHICH I WILL ADDRESS IN A MOMENT.

### THE PLAINTIFFS' DISCRIMINATION CLAIM AGAINST THE DEFENDANTS BASED ON DISPARATE IMPACT

IN ADDITION TO THE PLAINTIFFS' CLAIM THAT THE DEFENDANTS' ADOPTION AND APPLICATION OF THE LIGHT DUTY POLICY WAS MOTIVATED BY THEIR PREGNANCY STATUS, THE PLAINTIFFS ALSO ALLEGE THAT THE DEFENDANTS' LIGHT DUTY POLICY HAD A DISPROPORTIONATE EFFECT OF DISPARATE IMPACT ON PREGNANT WOMEN.  A DISPARATE IMPACT IS THE RESULT OF AN EMPLOYMENT PRACTICE OR A DECISION MAKING PROCESS THAT IS NEUTRAL IN ITS TREATMENT OF DIFFERENT GROUPS ON ITS FACE, BUT THAT, IN FACT, AFFECTS ONE GROUP MORE HARSHLY THAN ANOTHER GROUP WHEN IT IS ACTUALLY

24

DISPROPORTIONATE TREATMENT OF PREGNANT OFFICERS AS COMPARED TO OTHER NON-PREGNANT OFFICERS, YOU MUST CONSIDER THAT THE LAW DOES NOT REQUIRE PREFERENTIAL TREATMENT FOR PREGNANT EMPLOYEES, JUST THE SAME TREATMENT AS NON-PREGNANT EMPLOYEES.

THE PLAINTIFFS MAY RELY ON STATISTICAL EVIDENCE TO SHOW THAT THE DEFENDANTS' POLICY HAS A DISPARATE IMPACT ON PREGNANT WOMEN PROVIDED THAT THE STATISTICAL EVIDENCE SHOWS A SUFFICIENTLY SUBSTANTIAL DISPARITY TO RAISE AN INFERENCE OF CAUSATION. IN OTHER WORDS, THE STATISTICAL DISPARITY MUST BE SO GREAT THAT IT CANNOT REASONABLY BE ATTRIBUTED TO CHANCE.

IF YOU FIND THAT THE PLAINTIFFS HAVE MET THEIR BURDEN OF SHOWING A DISPARATE IMPACT HAS OCCURRED, NEVERTHELESS, YOU MAY NOT FIND THE DEFENDANTS LIABLE IF THE DEFENDANTS DEMONSTRATE THAT THEIR DECISION TO CHANGE THE LIGHT DUTY POLICY WAS JOB RELATED AND CONSISTENT WITH BUSINESS NECESSITY. IN OTHER WORDS THE DEFENDANTS MUST ESTABLISH THAT THE CHALLENGED POLICY IS VITAL TO THE BUSINESS, AND NOT JUST CONSISTENT WITH MERE EXPEDIENCY OR CONVENIENT OR BENEFICIAL TO ITS BUSINESS. DEFENDANTS NEED NOT SHOW THAT THE POLICY IN QUESTION IS THE ONLY WAY OF ACHIEVING A BUSINESS NECESSITY, BUT THE POLICY MUST BE A REASONABLY EFFECTIVE METHOD OF ACHIEVING DEFENDANTS' GOAL.

**Deleted:** SERVES A LEGITIMATE NONDISCRIMINATORY BUSINESS OBJECTIVE. IN CONSIDEREING THE DEFENDANTS REASONS FOR ITS DECSION YOU ARE NOT TO SECOND GUESS THE DECISION OR TO OTHERWISE SUBSTITUTE YOUR JUDGMENT FOR THAT OF THE DEFENDANTS.

26

IF YOU DETERMINE THAT THE DEFENDANTS HAVE FAILED TO PROVE THAT THEIR DECISION MAKING PROCESS WAS JOB-RELATED AND CONSISTENT WITH BUSINESS NECESSITY, THEN YOU MUST DECIDE IN FAVOR OF THE PLAINTIFFS AND PROCEED TO DECIDE THE AMOUNT OF DAMAGES.  IF YOU DETERMINE THAT THE DEFENDANTS HAVE PROVEN THAT THEIR DECISION MAKING PROCESS WAS JOB-RELATED AND CONSISTENT WITH A BUSINESS NECESSITY, THEN YOU MUST NEXT CONSIDER WHETHER THERE WAS A SUITABLE ALTERNATIVE TO THE POLICY THAT WAS ADOPTED.

THE PLAINTIFFS CONTEND THAT THE DEFENDANTS HAD ALTERNATIVE WAYS TO ACHIEVE THEIR GOAL WITH LESSER DISCRIMINATORY EFFECT AND WHICH THE DEFENDANTS DID NOT ADOPT.  IN EVALUATING WHETHER THERE WAS A SUITABLE ALTERNATIVE, YOU MUST DETERMINE WHETHER THE SUITABLE ALTERNATIVES WITH LESSER DISCRIMINATORY EFFECTS WOULD HAVE SATISFIED THE DEFENDANTS' IDENTIFIED BUSINESS NECESSITY.  IF YOU DETERMINE THAT THE PLAINTIFFS HAVE PROVED, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE DEFENDANTS HAD A SUITABLE ALTERNATIVE THAT WOULD HAVE SATISFIED THE DEFENDANTS' IDENTIFIED BUSINESS NECESSITY AND WOULD HAVE RESULTED IN LESSER ADVERSE IMPACT, THEN YOU MUST DECIDE IN FAVOR OF THE PLAINTIFFS AND PROCEED TO DECIDE THE AMOUNT OF DAMAGES.

IF YOU FIND THAT THE ALTERNATIVE WOULD NOT HAVE SATISFIED DEFENDANTS' IDENTIFIED BUSINESS NECESSITY THEN YOU MUST FIND IN

Deleted: REFUSED TO

Deleted: BEEN AS EFFECTIVE IN SERVING

Deleted: BEEN AS EFFECTIVE IN SERVING

Deleted: BEEN AS EFFECTIVE IN SERVING THE

27

FAVOR OF THE DEFENDANTS DESPITE THE AVAILABILITY OF THE ALTERNATIVE

POLICIES.