

125 Broad Street, 17th Fl.
New York, NY 10004
212.607.3300
www.nyclu.org

**Elisabeth Benjamin, Director**
*Reproductive Rights Project*

January 17, 2007

Hon. Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

    RE:   <u>Lochren, et al v. County of Suffolk</u>, 01 CIV. 3925 (LDW)(ARL)
           Proposed Stipulation and Order

Dear Judge Lindsay:

    Enclosed please find a proposed Stipulation and Order, entered into and signed by both parties in this case. The delay was the result of the parties' attempting to reach agreement on several key issues, which are all now resolved. We look forward to the Court's endorsement of this Stipulation and Order.

    Should the Court have any questions or concerns, please feel free to contact my colleague, Namita Luthra at: 212-549-2645. Thank you for your kind consideration of this matter.

                              Sincerely,

                              Elisabeth Benjamin

Enclosure
cc: Christopher P. Termini, Assistant County Attorney, Suffolk County Attorneys' Office
    Namita Luthra, Senior Staff Attorney, ACLU Women's Rights Project

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SANDRA LOCHREN, SARAH A. MACDERMOTT,
PATRICIA O'BRIEN, KELLY MENNELLA,
CHRISTINE BLAUVELT, and MIRIAM RIERA

                Plaintiffs,                01-CIV. 3925 (LDW)(ARL)

              - against -              **STIPULATION AND ORDER**

COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT,

              Defendants.
----------------------------------------------------------------X

    **WHEREAS,** Plaintiffs filed a complaint in this action on June 7, 2001, challenging as discriminatory, the Suffolk County Police Department's ("Department") Special Order Number 00-10, dated April 11, 2000, and Special Order Number 00-10A, dated April 13, 2000 (jointly, "the limited duty policy"), which barred pregnant officers from limited duty positions; and

    **WHEREAS,** Plaintiffs alleged that the limited duty policy constituted gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., and as amended specifically by the Pregnancy Discrimination Act of 1978, and the New York Human Rights Law, N.Y. Exec. Law §§ 296, 297; and

    **WHEREAS,** Defendants denied the allegations in Plaintiffs' Complaint; and

    **WHEREAS,** a jury trial was held in this matter before this Court beginning on June 5, 2006 that resulted in a jury verdict for Plaintiffs on June 14, 2006, finding that the limited duty policy had a discriminatory disparate impact on pregnant officers and that Defendants had engaged in intentional discrimination against some of the Plaintiffs; and

    **WHEREAS,** at the conclusion of the trial, Plaintiffs renewed their motion for permanent injunctive relief prayed for in the Complaint seeking the availability of limited duty positions for pregnant officers; and

    **WHEREAS,** a Judgment was entered by this Court on June 16, 2006; and

    **WHEREAS,** Plaintiffs renewed their motion for permanent injunctive relief by letter to this Court on July 13, 2006; and

    **WHEREAS,** Defendants promulgated a new General Order Number 06-53, dated July 6, 2006, which provides that all pregnant officers who request limited duty, upon presentation of a doctor's note, shall be provided limited duty positions for the remainder of their pregnancies; and

**WHEREAS,** the parties wish to resolve this matter without further litigation;

**IT IS HEREBY ORDERED:**

1.  Attached to this Stipulation and Order, as Exhibit A, is Department General Order Number 06-53, dated July 6, 2006. Defendants shall keep this directive, Department General Order Number 06-53, in effect for at least two years from the entry of this Stipulation and Order. Defendants shall move the Court, upon ninety days notice to Plaintiffs' counsel, in the event Defendants seek to modify or withdraw Department General Order Number 06-53, within the aforesaid two-year period.

2.  After a period of two years from the entry of this Stipulation and Order, Defendants may implement a policy different from Department General Order Number 06-53 that, at a minimum, provides all pregnant officers who request limited duty, upon presentation of a doctor's note, limited duty positions for a period of at least six months during the period of their pregnancies.

3.  At no time shall Defendants revert back to the April 2000 limited duty policy, Special Order Numbers 00-10 and 00-10A that barred pregnant officers from limited duty positions and that was found discriminatory by a jury in this case.

4.  At no time shall Defendants adopt a policy that provides pregnant officers who request limited duty, upon presentation of a doctor's note, with fewer than six months of limited duty during the period of their pregnancies.

5.  Within ten days of the entry of this Stipulation and Order, Defendants shall ensure that a copy of this Stipulation and Order and Exhibit A are distributed to all police officers employed by the Department, including all newly hired female officers, by posting in every Command and on all individual computers at the desk and in every patrol car.

6.  Within ten days of the entry of this Stipulation and Order, Defendants shall ensure that a copy of this Stipulation and Order and Exhibit A are distributed to all recruits at the Suffolk County Police Department Police Academy.

7.  The issue of Plaintiffs' entitlement to an award of reasonable attorneys' fees and costs is reserved for later determination upon motion to be made within 120 days of the date this Stipulation and Order is entered, or settlement by the parties before that time.

8.  This Court shall retain jurisdiction over this action for five years from the date this Stipulation and Order is "so ordered." Any time after five years after the date of entry of this Stipulation and Order, Defendants may move the Court, upon ninety days notice to the Plaintiffs, for dissolution of this Stipulation and Order. Defendants shall be entitled to such dissolution if they have complied with this Stipulation and Order in all material respects.

Dated: January __, 2007
New York, New York

_____
Elisabeth Ryden Benjamin (EB-0652)
Director, Reproductive Rights Project
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3327

For Plaintiffs

_____
Lenora Lapidus, Director
Namita Luthra, Staff Attorney (NL-3883)
American Civil Liberties Union Foundation
Women Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2645

_____
Christine Malafi, County Attorney, Suffolk County Attorney
Christopher P. Termini, Assistant County Attorney (CPT-2693)
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
PO Box 6100
Hauppauge, New York, 11787-4311
(631) 853-5668

For Defendants

SO ORDERED:

_____
Honorable Arléne R. Lindsey
United States Magistrate Judge

3



| | | PAGE 1 OF 2 PAGES |
|---|---|---|
| POLICE DEPARTMENT COUNTY OF SUFFOLK<br>ACCREDITED LAW ENFORCEMENT AGENCY<br>**DEPARTMENT DIRECTIVE**<br>PDCS-2009a | | ORDER NUMBER 06-53 |
| TYPE<br>DEPARTMENT GENERAL ORDER | AUTHORITY  RICHARD DORMER<br>POLICE COMMISSIONER | SIGNATURE |
| SUBJECT/TOPIC/TITLE<br>RULES OF CONDUCT | | |
| DISTRIBUTION<br>ALL MEMBERS OF THE DEPARTMENT | DATE ISSUED<br>07/06/06 | DATE EFFECTIVE  DATE TO BE REVIEWED<br>07/06/06       N/A |

Rules and Procedures Chapter 2, Section 1, is amended in the portion of Rules and Regulations subdivision V. A. 2. covering "Off-Duty Injury, Condition, or Illness" as detailed below.

**RULES AND PROCEDURES**

**CHAPTER 2:  TITLE:  GENERAL REGULATIONS**

**SECTION 1:  TITLE:  RULES OF CONDUCT**

(I. through IV. remains unchanged)

**V.  RULES AND REGULATIONS**

A. <u>Fitness for Duty and Capacity for Duty</u> - The position of Police Officer is a vigorous position requiring the carrying of firearms and operation of Department vehicles. All sworn members of the Service are required to be fit to perform the full duties of their position.

   1. <u>General</u> - Permanent physical incapacity, mental incapacity or other permanent inability to perform full police duties can be cause for dismissal from the Police Department, if such incapacitated member refuses or delays voluntarily terminating his or her services.

   2. <u>Off-Duty Injury, Condition, or Illness</u> - Any sworn member who incurs an off-duty injury, illness or condition that prevents him/her from performing full police duties will not be allowed to work until such time said Officer is able to perform full police duties. For the purposes of this entire section, "<u>Fitness for Duty and Capacity for Duty</u>," a sworn member who presents, to her Commanding Officer and the Police Surgeon, a Doctor's Note indicating that she is pregnant and no longer fit to perform full duty due to said pregnancy, is exempted. Any sworn officer who presents such a Doctor's Note and who requests limited duty assignment will be accommodated with limited duty in an administrative position during the remainder of her pregnancy. The location and nature of such limited

07/07/2006  08:18  6318525546                SCPD LEGAL                           PAGE  03

Chapter 2                                                           Page 2 of 2
Section 1                                                           Order # 06-53

duty, which may not be at the sworn member's assigned Command, is at the sole discretion of the Police Commissioner.

3. <u>Unavailability of Protective Vest/Body Armor Equipment</u> – Any sworn member who is otherwise able to perform full police duties, but who is experiencing a temporary physical condition that in the sole discretion of the Department prevents or precludes Department-issued protective vest/body armor equipment from being available to him/her, whether such physical condition occurs on or off-duty, is eligible for limited duty for a period up to three consecutive months per condition.

> a. A member requesting eligibility for limited duty pursuant to this paragraph shall submit an Internal Correspondence to his/her Commanding Officer describing the condition that precludes the wearing of the Department-issued protective vest/body armor equipment. The member's Commanding Officer shall forward a copy of the Internal Correspondence via the chain of command to the Chief of Department for review. Work assignments, including transfers, of members approved for limited duty will be at the sole discretion of the Police Commissioner.

(The remainder of Chapter 2, Section 1 is unchanged)

Commanding officers are directed to inform all members of their commands of this amendment and to have them note the change in the appropriate section of their Rules and Procedures. The reprinting of Chapter 2, Section 1, will be distributed in the future.

END