UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SANDRA LOCHREN, SARAH A. MACDERMOTT,
PATRICIA O'BRIEN, KELLY MENNELLA,
CHRISTINE BLAUVELT, and MIRIAM RIERA,

                              Plaintiffs,                 **MEMORANDUM AND ORDER**

                -against-                                           CV 01-3925 (ARL)

COUNTY OF SUFFOLK,

                              Defendant.
-------------------------------------------------------------X

**APPEARANCES:**

**LEON FRIEDMAN**
Attorneys for Plaintiffs
148 East 78th Street
New York, New York 10021

**CHRISTINE MALAFI**
**SUFFOLK COUNTY ATTORNEY**
**by: CHRIS TERMINI**
Attorneys for Defendant
Veteran's Memorial Highway
Hauppauge, New York 11788

**LINDSAY, Magistrate Judge:**

      On May 8, 2008, the court awarded the plaintiffs attorneys' fees and costs totaling $578,704.14 in connection with a pregnancy discrimination action commenced in June 2001 and tried in June 2006. On appeal, the Second Circuit affirmed the court's order in part, and vacated and remanded in part. This order addresses the Second Circuit's directive that, on remand, the court should (1) "apply current rates in the Eastern District for attorneys with the experience level of those [attorneys] who worked on the case;" (2) reconsider or explain its decision "to award fees in the middle of the Eastern District range for certain attorneys;" and (3) add to the award $5,866.60 in paralegal and technical service fees as well as the fees for Mr. Friedman's reply

brief that were omitted from the court's initial order. The court assumes the parties' familiarity with the relevant factual background and procedural history of the case.

**A. Current Eastern District Rates**

Notwithstanding the Second Circuit's directive, the plaintiffs seek to have the court reopen the record and award Southern District rates "under the new framework set forth in *Simmons v. New York City Transit Authority*." Although *Simmons* was decided after the district court rendered its decision, the Second Circuit considered the *Simmons* framework in upholding this court's award of fees at Eastern District rates:

> In *Simmons v. New York City Transit Authority*, - - - F.3d - - -, 2009 WL 2357703, at * 4 (2d Cir. Aug. 3, 2009), we clarified our decision in *Arbor Hill,* and held that '[i]n order to overcome th[e] presumption [in favor of application of the forum rule], a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.'
>
> In this case, the district court declined to award Southern District rates, finding the plaintiffs' choice of counsel 'was not justified given the simplicity of the issues in the case, the wealth of competent civil rights attorneys in [the Eastern District], the length of time the attorneys' were given to prepare for the case, and the far more limited resources being marshaled by the defendant . . . Plaintiffs have not overcome the presumption in favor of in-district rates, and the district court did not abuse its discretion in awarding fees at Eastern District rates.[1]

Accordingly, the court adheres to its original determination that the plaintiffs should be awarded fees at Eastern District rates.

---

[1] Even if the court were to reopen the record, the court's decision would remain unchanged. The plaintiffs' suggestion that they were unable to secure the representation of a law firm in the Eastern District because they were unable to find a firm that was independent of the local Suffolk County politics strains credulity.

As to the specific rates to be applied, the plaintiffs have proposed the following:[2]

| | Attorneys | Rates |
|---|---|---|
| Outten & Golden, L.L.P. | Linda Neilan | $375 |
| | Carmelyn Malalis | $375 |
| | Kathleen Peratis | $675 |
| | Justin Swartz | $500 |
| | Tarik Ajami | $500 |
| | Mark Humowiecki | $375 |
| New York Civil Liberties Union | Elisabeth Benjamin | $550 |
| | Cassandra Stubbs | $475 |
| | Rebekah Diller | $475 |
| American Civil Liberties Union | Lenora Lapidus | $575 |
| | Namita Luthra | $475 |
| Rosen, Leff | David Fish | $250 |
| | Robert Rosen | $300 |
| | Gina Ianne | $150 |
| | Sima Ali | $200 |
| Leon Friedman | Leon Friedman | $500 |

Although the court agrees that 2010 rates are to be applied, the proposed rates are, nonetheless, higher than rates that have been recently approved in this District for actions of this sort.

The plaintiffs cite to several recent Eastern District cases to justify the proposed billing rates. *See Steinberg v. Nationwide Mut. Ins. Co.,* 612 F. Supp. 2d 219, 224 (E.D.N.Y. 2009) (awarding $585 to $790 for partners and $270 to $500 for associates); *Parker v. Time Warner Entm't Co.,* 631 F. Supp. 2d 242 (E.D.N.Y. 2009)(awarding $545 for partners, $330 for associates, and $161 for support staff for work performed through 2009); *In re Visa*

---

[2]Upon receipt of the Summary Order, the court directed the parties to file briefs setting forth the current Eastern District rates awarded for attorneys and support staff with comparable experience to the attorneys and support staff that worked on the case.

*Check/Mastermoney Anttitrust Litigation,* 2009 WL 3367059 (E.D.N.Y. Oct. 15, 2009)(adopting special master's recommendation that lead counsel be awarded $250 to $625 for attorneys and $110 to $170 for paralegal, that issuer's counsel be awarded between $198 and $792, and that underwriter's counsel be awarded between $200 and $945). However, these cases are distinguishable. *Steinberg* and *Parker* were both decided prior to *Simmons* and the courts applied Southern District and Washington D.C. rates. *See e.g., Steinberg,* 612 F. Supp. 2d at 224 (using uncontested Southern District billing rate in arriving at lodestar figure). *In re Visa Check/Mastermoney Anttitrust Litigation,* which was decided after *Simmons,* involved a 3.05 billion dollar settlement and required the involvement of numerous law firms specializing tax law and structured finance. While that court's decision did not explicitly address the *Simmons* forum rule, the plaintiffs there could have made "a particularized showing that "use of in-district counsel would [have] produce[d] a substantially inferior result." *Simmons,* 575 F.3d 170,176 (2d Cir. 2009).

Accordingly, in determining the "reasonable current hourly rate," the court has gleaned guidance from recent post-*Simmons* cases where, as here, the parties were unable to establish an exception to the forum rule. Decisions in those cases have upheld fees reaching $400 in the Eastern District. *See Valenti v. Massapequa Union Free School Dist.,* 2010 U.S. Dist. LEXIS 10076 * 7 (E.D.N.Y. Feb. 5, 2010)(awarding partner with 25 years experience $400, partner with 14 years $375, associates with six or seven years $200 - $250, associate with five years $175, and paralegals $75), *Luca v. County of Nassau,* 2010 U.S. Dist LEXIS 5867 (E.D.N.Y. Jan. 25, 2010)(awarding attorney with 25 years of experience $400, appellate counsel with 20 years of experience $350 and senior associate $235 in civil rights case); *Gutman v. Klein,* 2009 WL 3296072 (Oct. 13, 2009)(awarding partners $300 to $400; senior associates $200 to $350, $100

4

to $200 for junior associates); *Rodriguez v. Pressler & Pressler, LLP,* 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 12, 2009); *Green v. City of New York,* 2009 U.S. Dist. LEXIS 123276 (Dec. 8, 2009), adopted 2010 U.S. Dist. LEXIS 2946 (E.D.N.Y. Jan. 7, 2010)(reviewing recommended award of $350 for partners with between seventeen and nineteen years of experience, $375 for partner with 41 years of experience, $200 for associates with five to six years of experience, and $150 for associate with 3 years of experience); *Kaufman v. Maxim Healthcare Services, Inc.,* 2008 U.S. Dist. LEXIS 77855 *19, 30 (E.D.N.Y. Sep. 9, 2008)(awarding $400 to attorney with offices located in Southern District with formidable experience and reputation). The court also relies on 'its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community."[3] *Nike, Inc. v. Top Brand Co.,* 2006 U.S. Dist. LEXIS 8381 *4-5 (S.D.N.Y. Feb. 24, 2006).

Guided by those decisions, the court finds that the plaintiffs are entitled to be reimbursed at the following rates:

|  | **Attorneys** | **Experience** | **Rates** |
|---|---|---|---|
| Outten & Golden, L.L.P. | Linda Neilan | 9 years | $350 |
|  | Carmelyn Malalis | 9 years | $350 |
|  | Kathleen Peratis | 40 years | $450 |
|  | Justin Swartz | 12 years | $375 |
|  | Tarik Ajami | 15 years | $400 |
|  | Mark Humowiecki | 9 years | $350 |
| New York Civil Liberties Union | Elisabeth Benjamin | 18 years | $400 |
|  | Cassandra Stubbs | 14 years | $400 |
|  | Rebekah Diller | 13 years | $400 |
| American Civil Liberties Union | Lenora Lapidus | 20 years | $425 |

---

[3]In this regard, the court's analysis would be incomplete if it failed to note the recent downturn in the legal market.

|              |                |           |       |
|--------------|----------------|-----------|-------|
|              | Namita Luthra  | 14 years  | $400  |
| Rosen, Leff  | David Fish     | *[4]      | $250  |
|              | Robert Rosen   | *         | $300  |
|              | Gina Ianne     | *         | $0    |
|              | Sima Ali       | *         | $0    |
| Leon Friedman| Leon Friedman  | 49 years  | $450  |

**B. Calculation of the Award**

The Summary Order also directs the court, on remand, to reconsider or explain its decision to award fees in the middle of the Eastern District range for certain attorneys. In its earlier decision, the court noted that many of the sixteen attorneys seeking reimbursement as partners and senior associates were just beginning their legal careers when the lawsuit began. As is generally the case, the biographical information provided the court did not lend itself to the preparation of a year-by-year breakdown for each attorney. Moreover, given the number of attorneys involved and the length of this litigation, the court determined it would be too burdensome to either prepare or seek this breakdown from counsel. The court, therefore, chose to compensate all counsel based on their current position. In an effort to account for the varied fees awarded this position over the time span of this litigation, the court through a review of the case law, determined the fees awarded over a range of years. The court then awarded fees in the middle of the applicable range believing this to be a practical way to account for the variables presented. This approach, however, is clearly not viable given the Second Circuit's directive to

---

[4] The plaintiffs did not provide the court with the number of years of experience for every attorney in their supplemental papers. In their original fee application, the parties did provide information concerning Messrs. Fish and Rosen and the court accepts the proposed rate based on those submissions. However, as before, no information has been provided with respect to Gina Ianne or Sima Ali.

"apply current rates for attorneys with the experience level of those who worked on the case."

The court recognizes that the Second Circuit's mandate leaves open the possibility of awarding current rates for the various positions held by each attorney over the course of this litigation. However, as noted above, the burden on counsel and the court of calculating a fee award on this basis makes this approach too difficult. Accordingly, the court has now applied rates based solely on awards in recent Eastern District cases for attorneys with experience comparable to the attorneys that appeared in this case.

| **Attorneys** | **Rates** | **Hours Expended** | **Amount** |
|---|---|---|---|
| Linda Neilan | $ 350 | 461.6 | $ 161,560.00 |
| Carmelyn Malalis | $ 350 | 482.9 | $ 169,015.00 |
| Kathleen Peratis | $ 450 | 54.5 | $ 24,525.00 |
| Justin Swartz | $ 375 | 20.1 | $ 7,537.50 |
| Tarik Ajami | $ 400 | 8.4 | $ 3,360.00 |
| Mark Humowiecki | $ 350 | 6.9 | $ 2,415.00 |
| | | | |
| Elisabeth Benjamin | $ 400 | 48.66 | $ 19,464.00 |
| Cassandra Stubbs | $ 400 | 403.75 | $ 161,500.00 |
| Rebekah Diller | $ 400 | 198.73 | $ 79,492.00 |
| | | | |
| Lenora Lapidus | $ 425 | 165.50 | $ 70,337.50 |
| Namita Luthra | $ 400 | 678.54 | $ 271,416.00 |
| | | | |
| David Fish | $ 225 | 263.57 | $ 59,303.25 |
| Robert Rosen | $ 300 | 3.2 | $ 960.00 |
| | | | |
| Leon Friedman | $ 450 | 41.90 | $ 18,855.00 |
| | | | |
| Sub-total: | | | $ 1,049,740.25 |
| Less 25% reduction | | | 262,435.06 |
| Total: | | | $ 787,305.19 |

In addition, several of the attorneys were reimbursed for their travel time at fifty percent

of their hourly rate. Based on the revised hourly rates, reimbursement for travel time will be adjusted as follows:

| Attorneys | Rates | Hours Expended | Amount |
|---|---|---|---|
| Linda Neilan | $ 175 | 23.6 | $ 4,130.00 |
| Carmelyn Malalis | $ 175 | 26.7 | $ 4,672.50 |
| Elisabeth Benjamin | $ 200 | 7.0 | $ 1,400.00 |
| Cassandra Stubbs | $ 200 | 27.67 | $ 5,534.00 |
| Rebekah Diller | $ 200 | 73.75 | $ 14,750.00 |
| Lenora Lapidus | $ 212.5 | 18.0 | $ 3,825.00 |
| Namita Luthra | $ 200 | 36.0 | $ 7,200.00 |
| Sub-total: | | | $ 41,511.50 |
| Less 25% reduction | | | 10,377.88 |
| Total: | | | $ 31,133.62 |

Thus, the court will award of attorneys' fees in the amount of $818,438.81

**C. Paralegal Technical Services/Reply Brief**

Pursuant to the Summary Order, the court will add $5,866.60 in paralegal and technical service fees[5] as well as the fees for Mr. Friedman's reply brief. Mr. Friedman spent 26.5 hours on his reply brief, and thus, will be awarded $8,943.75 ($450 X 26.5 = $11,925 less 25% reduction).

**D. Attorneys' Fees For the Appeal**

The plaintiffs also seek reimbursement for the legal fees incurred by their attorneys for work on the appeal. *See Quarantino v. Tiffany & Co.,* 166 F.3d 422, 428 (2d Cir. 1999)(directing District Court to include reasonable attorneys' fees for services rendered in successful

---

[5]Given the Second Circuit's directive, fees for paralegal and support staff were not adjusted to 2010 rates.

prosecution of appeal). The plaintiffs argue, in this regard, that they are entitled to fees for all of the time expended on the appeal despite the fact that they lost on two of the issues, namely, the reduction of hourly rates and the reduction of hours expended.[6] The court agrees with the plaintiffs that the work done in relation to those issues contributed to the ultimate success of the appeal, and thus, is compensable. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)(relevant query not "whether hindsight vindicates an attorneys' time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."). Accordingly, the plaintiffs will also be awarded $29,835.00 ($39,780 less 25% reduction) plus $6,785.14 for additional printing costs.

## CONCLUSION

In conclusion, the court awards attorneys' fees in the amount of $863,084.16 and costs in the amount of $69,103.59 ($62,318.45 plus costs on appeal), for a total award of $932,187.75.


Dated: Central Islip, New York     **SO ORDERED:**
       March 23, 2010              _____/s/_____
                                   Arlene Rosario Lindsay
                                   United States Magistrate Judge

---

[6]The plaintiff do acknowledge that a 25% reduction should be applied to Mr. Friedman's hours. In addition, the plaintiffs are not seeking compensation for the time expended by other attorneys on the appeal.